IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| COMMSCOPE, INC. OF NORTH CAROLINA, and COMMSCOPE, INC.<br><br>Plaintiffs,<br><br>v.<br><br>UNIRISE USA, LLC<br><br>Defendant. | Civil Action No. _____<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiffs CommScope, Inc. of North Carolina, a North Carolina Corporation, and CommScope, Inc., a Delaware corporation, (collectively referred to herein as "Plaintiffs" or "CommScope"), state as their Complaint against Defendant Unirise USA, LLC ("Defendant" or "Unirise") as follows:

## NATURE OF THE ACTION

1. This is an action at law and in equity for trademark infringement, false designation of origin, false advertising, unfair and deceptive trade practices, and common law unfair competition. Defendant is advertising, promoting, and selling twisted pair and fiber optic cables, connectors, and related goods that bear a trademark that is likely to cause confusion with CommScope's proprietary and federally registered trademarks. Plaintiffs have not authorized the advertising, promotion, or sale of Defendant's goods bearing the infringing mark. Defendant's infringing mark has caused confusion, and is likely to continue to cause confusion and to deceive consumers regarding the source or sponsorship of goods bearing such mark.

## THE PARTIES

2. Plaintiff CommScope, Inc. of North Carolina is a North Carolina corporation, having an address and principal place of business at 1100 CommScope Place, SE, Hickory, North Carolina 28602.

3. Plaintiff CommScope, Inc. is the corporate parent of CommScope, Inc. of North Carolina, and is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1100 CommScope Place, SE, Hickory, North Carolina 28602.

4. Upon information and belief, Defendant is a California limited liability company, having an address and principal place of business at 40 Waterworks Way, Irvine, California 92618 and is engaged in the manufacture, distribution, marketing and sales of twisted pair and fiber optic cables, connectors and related goods. Defendant's twisted pair and fiber optic cables, connectors, and related goods bearing the infringing mark are sold throughout the United States through distributors, including through Accu-Tech Corporation ("Accu-Tech") in this judicial district, and on the Internet. Upon information and belief, Defendant does substantial business in the State of North Carolina and in this judicial district.

## JURISDICTION AND VENUE

5. This is an action for trademark infringement, false designation of origin, and false advertising under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, unfair and deceptive trade practices and unfair competition under N.C. Gen. Stat. § 75-1.1 *et seq.*, and common law unfair competition.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 15 U.S.C. § 1121. The Court has supplemental jurisdiction over the state and common law claims under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over the Defendant because Defendant: (a) engages in substantial business activity in the State of North Carolina, including sales of Defendant's goods bearing the infringing mark in this judicial district; or (b) uses an interactive website, such as Amazon.com, to direct commercial activity into North Carolina involving the knowing and repeated transmission of information over the Internet with residents of North Carolina with the manifest intent to engage in business within the State resulting in the shipment of goods bearing the infringing mark into North Carolina and this judicial district for use within the State, resulting in injury to CommScope; or (c) intentionally directing tortious conduct toward North Carolina knowing that such conduct will cause harm to a North Carolina resident.

8. Venue is proper in this District and this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) because acts of infringement and other wrongful conduct alleged occurred in the Western District of North Carolina.

## FACTUAL BACKGROUND

### CommScope's Trademarks and Products

9. CommScope is a world leader in cable and connectivity solutions. CommScope's business includes the manufacture, sale, and distribution of connector products, fiber optic cables, network cables, and related goods that are used to interconnect computers, printers, routers, Internet telephones and other computer equipment. The network cables include four twisted pairs of insulated conductors. These network cables are commonly referred to as Ethernet cables or network Ethernet cables. The Electronics Industries Association and

Telecommunications Industry Association ("EIA/TIA") have developed industry standards for Ethernet cables and related connectors that ensure that cables and connectors manufactured by different manufacturers will work together and achieve certain performance levels. A series of such standards have been developed over the last twenty-five years, with the Category 5e, Category 6 and Category 6A standards being the standards that are most relevant today. An Ethernet cable that is labeled and sold as being in compliance with one of these standards ensures the purchaser of the cable that the cable meets the requirements of the applicable EIA/TIA standard.

10. The EIA/TIA standards define different categories of required performance in order for a cable to meet the standard. In particular, the Ethernet cable standards define categories for Ethernet cables, with each category (*e.g.*, Category 5e, Category 6, etc.) specifying different and increasing levels of performance in order to meet the standard. Generally, increasing category numbers correspond with a cable system suitable for higher rates of data transmission.

11. The EIA/TIA industry standards specify, among other things, minimum performance levels for various electrical parameters that ensure that the cable can support these high data rate communications with acceptable error levels including, but not limited to return loss, resistance unbalance, near end crosstalk ("NEXT"), Alien crosstalk ("Alien NEXT"), and insertion loss.

12. Marking an Ethernet cable as a Category X cable (where X = 5e, 6 or 6A) is a representation that the cable meets all of the performance requirements set forth in the identified industry standard.

4

13.     CommScope was founded in 1976 as a cable manufacturer and, over the years, has expanded to become a global provider of broadband, enterprise and wireless infrastructure solutions. CommScope sells its products worldwide, including throughout the United States, and has gained wide popularity with consumers. CommScope's business includes the manufacture, sale, and distribution of Ethernet cables including for Category 5e, Category 6 and Category 6A performance, fiber optic cables, and hybrids thereof, cable connectors, and other related goods ("network cabling products").

14.     On February 19, 2004, CommScope Properties, LLC ("Registrant"), a subsidiary of Plaintiff CommScope, Inc. of North Carolina at the time, filed an intent-to-use application to register the mark "UNIPRISE" ("CommScope's Mark" or the "UNIPRISE Mark") with the U.S. Patent and Trademark Office ("USPTO").

15.     On December 6, 2005, Registrant received Registration No. 3,024,567 from the USPTO for the UNIPRISE Mark for coaxial, fiber optic and twisted pair cables and hybrids thereof, and cable connectors therefor. *See* **Exhibit 1**, a true and correct copy of the Trademark Registration is attached hereto and incorporated herein by reference. The USPTO did not require Registrant to prove secondary meaning before granting the Registration. The Registration for the UNIPRISE Mark is incontestable under Section 15 of the Lanham Act.

16.     On April 27, 2004, CommScope Properties, LLC ("Registrant"), a subsidiary of Plaintiff CommScope, Inc. of North Carolina at the time, filed an intent-to-use application to register the mark "UNIPRISE SOLUTIONS" (the "UNIPRISE SOLUTIONS Mark") with the USPTO.

17.     On October 24, 2006, Registrant received Registration No. 3,163,109 from the USPTO for the UNIPRISE SOLUTIONS Mark for coaxial, fiber optic and twisted pair cables

and hybrids thereof, and cable connectors therefor. *See* **Exhibit 2**, a true and correct copy of the Trademark Registration is attached hereto and incorporated herein by reference. The USPTO did not require Registrant to prove secondary meaning before granting the Registration. The Registration for the UNIPRISE SOLUTIONS Mark is incontestable under Section 15 of the Lanham Act.

18. Effective January 1, 2007, ownership of the UNIPRISE Mark and the UNIPRISE SOLUTIONS Marks were transferred from Registrant to Plaintiff CommScope, Inc. of North Carolina pursuant to the Articles of Merger filed with the North Carolina Secretary of State. This change of ownership was recorded with the USPTO on February 2, 2007. *See* **Exhibit 3**, a true and correct copy of the ownership change is attached hereto and incorporated herein by reference.

19. In April 2004, CommScope launched network cabling products in the United States under the UNIPRISE and UNIPRISE SOLUTIONS Marks (collectively, the "UNIPRISE Marks").

20. Since at least as early as April 22, 2004, CommScope has used the UNIPRISE Marks consistently and prominently in interstate commerce. CommScope has made a substantial investment in the promotion of the UNIPRISE Marks, and through extensive and continuous use, the UNIPRISE Marks have come to be associated with CommScope and identifies CommScope as the source of the goods offered in connection with the UNIPRISE Marks. The UNIPRISE Marks are a valuable asset and have significant goodwill associated with them.

21. Products branded with the UNIPRISE Marks include CommScope's Category 5e, Category 6 and Category 6A twisted pair network Ethernet cables, patch cords, multimode fiber and single-mode fiber cables, connector products, and other related goods. These products are

6

available for sale exclusively through CommScope's authorized distribution partners located throughout the United States, including but not limited to, Accu-Tech, which has a branch located in Charlotte, North Carolina. *See* **Exhibits 4** and **5**, which are true and correct copies of pages from CommScope and Accu-Tech's websites, respectively, are attached hereto and incorporated herein by reference.

## Defendant's Wrongful Acts

22. Upon information and belief, Defendant is engaged in the manufacture, distribution, marketing, and sale of network cabling products, including fiber optic cables, twisted pair Ethernet cables, connector products, and other related goods. Defendant marks, advertises, markets and sells at least some of its twisted pair Ethernet cables as being in compliance with the Category 5e, Category 6 and Category 6A EIA/TIA industry standards. *See, e.g.,* **Exhibit 6**, a true and correct page from Defendant's website is attached hereto and incorporated herein by reference.

23. Upon information and belief, Defendant's network cabling products are sold through distributors throughout the United States and on the Internet, and Defendant is conducting substantial business in the State of North Carolina and in this judicial district. *Id.*

24. On or about January 15, 2013, Defendant filed a registration for the business name "Unirise USA, LLC" with the California Secretary of State. *See* **Exhibit 7**, a true and correct copy of the California Secretary of State Business Entity Detail for Defendant is attached hereto and incorporated herein by reference. Upon information and belief, Defendant is a U.S. company that is related to Unirise Electric Wire & Cable Co., Ltd. located in Dongguan City, in Guagndong, China ("Unirise Electric").

25. On or about February 25, 2013, Unirise Electric filed an intent-to-use trademark application in the USPTO (Serial No. 85/859,196) for the UNIRISE Mark for use with electrical plugs, plugs, sockets and plug connectors, connections for electric lines, wire connectors, insulated copper electrical wire, wires, cables, optical fibers, and junction sleeves for electric cables ("Unirise Electric's trademark application").

26. On June 10, 2013, the USPTO issued an Office Action refusing registration for the UNIRISE mark because of a likelihood of confusion with CommScope's registered UNIPRISE Mark. *See* **Exhibit 8**, a true and correct copy of the Office Action is attached hereto and incorporated herein by reference. Upon information and belief, based on this Office Action, Defendant has been aware of the UNIPRISE Mark since at least as early as June 10, 2013.

27. On January 6, 2014, the USPTO issued a notice of abandonment for Unirise Electric's trademark application because Unirise Electric failed to respond to the June 10, 2013 Office Action within the statutory 6-month response period. *See* **Exhibit 9**, a true and correct copy of the notice of abandonment is attached hereto and incorporated herein by reference.

28. Defendant is engaged in the advertising, marketing, and distribution of network cabling products, including twisted pair and fiber optic cable, connector products, and related goods (the "Infringing Goods") covered by CommScopes' Registered Trademarks. *See* **Exhibit 10**, a true and correct copy of a page from Defendant's website is attached hereto and incorporated herein by reference.

29. Defendant sells and distributes its Infringing Goods bearing the UNIRISE Mark through the Internet, trade shows and through distributors, including at least one of CommScope's authorized distributors, Accu-Tech. *See* **Exhibit 11**, a true and correct copy of a page from Defendant's website is attached hereto and incorporated herein by reference.

30. On or about March 28, 2014, an investigator placed an order with Accu-Tech in Charlotte, North Carolina for the following products sold under the UNIRISE mark: (1) BC6-1000FBLUSOL Category 6 Cable, 1000, Blue ("UNIRISE Cat 6 Cable"); (2) CAT6END-100PK Category 6 Outlets; (3) PP6-24TP-1U Category 6 Patch Panel; (4) FJ5G4LCLC-01M OM4 Fiber Patch Cord, 1m; and (5) BC6A-1000FBLUPL Category 6A Cable, 1000, Blue ("UNIRISE Cat 6A cable").

31. On April 8, 2014, Accu-Tech delivered to the investigator the alleged goods that the investigator had ordered on or about March 28, 2014. When the investigator opened the products, he found that the goods were not the UNIRISE goods that he ordered, but rather four of the five products were CommScope goods sold under the UNIPRISE SOLUTIONS Mark and the remaining product was from Hubbell. *See* **Exhibit 12,** which are true and correct copies of photographs taken by the investigator of CommScope's goods that he received.

32. On April 11, 2014, the investigator returned to Accu-Tech's Charlotte, North Carolina facility to return the products purchased on April 8, 2014 and obtain the UNIRISE products that he had ordered. Accu-Tech refunded the April 8, 2014 purchase, and placed a new order for the UNIRISE goods.

33. On May 13, 2014, the investigator received a shipment from Defendant of the UNIRISE goods that the investigator had ordered on April 11, 2014 through Accu-Tech. *See* **Exhibit 13,** a true and correct copy of the packing list that was enclosed with the shipment from Defendant that shows that Defendant shipped the goods to the investigator in Huntersville, North Carolina and billed the order to Accu-Tech Corporation, 11350 Old Roswell, Suite 100, Alpharetta, GA 30009; and **Exhibit 14**, true and correct copies of photographs of the UNIRISE goods that were shipped to the investigator.

9

34. Upon information and belief, this is not an isolated incident. Rather, Defendant has been and continues to be involved in advertising, marketing, offering, selling and/or distributing Infringing Goods to others.

35. UNIRISE marked the UNIRISE Cat 6 Cable as being in compliance with the EIA/TIA Category 6 industry standard.

36. UNIRISE marked the UNIRISE Cat 6A Cable as being in compliance with the EIA/TIA Category 6A industry standard.

37. CommScope tested the UNIRISE Cat 6 and UNIRISE Cat 6A Cables pursuant to test procedures specified in the Category 6 and Category 6A EIA/TIA standards, respectively.

38. The UNIRISE Cat 6 Cable failed to meet the return loss and resistance unbalance performance levels specified in the Category 6 standard and, therefore, does not meet the EIA/TIA industry standard for Category 6 Ethernet cable.

39. The UNIRISE Cat 6A Cable failed to meet the NEXT, Alien NEXT and insertion loss performance levels specified in the Category 6A standard and, therefore, does not meet the EIA/TIA industry standard for Category 6A Ethernet cable.

40. Upon information and belief, the failure of Defendant's UNIRISE Cat 6 and Cat 6A Cables to meet the applicable EIA/TIA industry standards is not an isolated incidence. Rather, upon information and belief, additional Infringing Goods fail to meet the EIA/TIA industry standards and other applicable industry standards, such as UL industry standards.

41. Defendant's wrongful conduct includes the use, advertising, marketing, offering and/or distribution of Infringing Goods under the UNIPRISE Marks or a mark substantially similar thereto, including specifically the UNIRISE mark on Infringing Goods and/or inferior Infringing Goods.

42. Defendant has committed and is continuing to commit acts of infringement against CommScope. Further, Defendant's acts are willful, deliberate and committed with prior notice and knowledge of CommScope's Registered Marks and that Defendant's use of CommScope's Registered Marks constitutes false advertising and unfair competition.

**FIRST CLAIM FOR RELIEF**

**Trademark Infringement – 15 U.S.C. § 1114**

43. CommScope repeats and realleges each and every allegation of paragraphs 1 through 42 as though fully set forth herein.

44. Without the authorization or consent of CommScope, Defendant has used the UNIPRISE Marks or a mark substantially similar thereto, including specifically the UNIRISE Mark, to promote and sell the Infringing Goods in or affecting interstate commerce.

45. Defendant's unauthorized use of the UNIPRISE Marks or a mark substantially similar thereto, including specifically the UNIRISE Mark, in interstate commerce and in conjunction with the sale of the Infringing Goods constitutes trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a).

46. Defendant's use in commerce of the UNIPRISE Marks or a mark substantially similar thereto, including specifically the UNIRISE Mark, has caused actual confusion, and is likely to continue to cause confusion, or cause mistake or deceive consumers.

47. Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception, and profiting therefrom.

48. Accordingly, CommScope is entitled to recover all damages sustained by it, all of Defendant's profits as a result of the infringement, and all costs of the action, including attorneys' fees. 15 U.S.C. § 1117.

11

49. In addition, the acts of Defendants have caused irreparable harm to CommScope and, unless restrained and preliminarily and permanently enjoined by this Court, will continue to cause irreparable damages, loss and injury to CommScope, for which CommScope has no adequate remedy at law. Accordingly, CommScope is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## SECOND CLAIM FOR RELIEF

### False Designation of Origin – 15 U.S.C. § 1125(a)(1)(A)

50. CommScope repeats and realleges each and every allegation of paragraphs 1 through 49 as though fully set forth herein.

51. Defendant's conduct as alleged above constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that consumers are likely to believe that the Infringing Goods are provided by CommScope, or originate from CommScope, or are licensed, sponsored, or approved by CommScope, or that there is some affiliation or connection between CommScope and Defendant.

52. As a direct and proximate result of Defendant's conduct as alleged above, CommScope has suffered harm and damages, in that CommScope has lost, is likely to lose, and is continuing to lose sales and profits that CommScope otherwise would have earned, and its reputation with consumers and the trade has been impaired and damaged.

53. The acts of Defendant have caused irreparable harm to CommScope and, unless restrained and preliminarily and permanently enjoined by this Court, will continue to cause irreparable damage, loss, and injury to CommScope for which CommScope has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

## False Advertising – 15 U.S.C. § 1125(a)

54. CommScope repeats and realleges each and every allegation of paragraphs 1 through 53 as though fully set forth herein.

55. Defendant uses UNIRISE in connection with, and in commercial advertising and promotion of, its network cabling products. Defendant's use of UNIRISE constitutes a false advertisement that misrepresents the nature, characteristics and qualities of Defendant's network cabling products and/or deceives or has a tendency to deceive a substantial segment of consumers into believing that Defendant's network cabling products have the nature, characteristics, and/or qualities of CommScope's UNIPRISE and UNIPRISE SOLUTIONS network cabling products. This description is likely to influence consumers' purchasing decisions about Defendant's network cabling products, thereby diverting revenues from CommScope to Defendant. Defendant's use is also likely to lessen the goodwill associated with CommScope's UNIPRISE and UNIPRISE SOLUTIONS products by associating CommScope's UNIPRISE and UNIPRISE SOLUTIONS network cabling products with the inferior qualities of Defendant's UNIRISE products.

## FOURTH CLAIM FOR RELIEF

## Unfair and Deceptive Trade Practices (N.C. Gen. Stat. § 75-1.1 *et seq.*)

56. CommScope repeats and realleges each and every allegation of paragraphs 1 through 55 as though fully set forth herein.

57. Defendant's conduct as alleged above was and is in and affecting commerce in the State of North Carolina.

13

Case 5:14-cv-00110-RLV-DSC   Document 1   Filed 07/02/14   Page 13 of 18

58. Defendant's conduct as alleged above constitutes unfair and deceptive acts and practices and unfair methods of competition in violation of the provisions of N.C. Gen. Stat. § 75-1.1 *et seq*.

59. CommScope has suffered actual injury and has been damaged by virtue of Defendant's unfair and deceptive acts.

60. Because much of the damage suffered by CommScope as a result of Defendant's conduct is and will be irreparable, for which CommScope has no adequate remedy at law, CommScope is further entitled to preliminary and permanent injunctive relief.

61. Pursuant to N.C. Gen. Stat. § 75-1.1 *et seq.*, CommScope is entitled to treble damages and attorneys' fees for Defendant's willful and unfair and deceptive acts.

## FIFTH CLAIM FOR RELIEF

### Common Law Unfair Competition

62. CommScope repeats and realleges each and every allegation of paragraphs 1 through 61 as though fully set forth herein.

63. Defendant's aforementioned acts constitute unfair competition under the North Carolina common law.

64. Upon information and belief, by such wrongful acts, Defendants have caused, and unless restrained by the Court will continue to cause, serious, irreparable injury and damage to CommScope and to the goodwill associated with its UNIPRISE Marks. CommScope is without an adequate remedy at law.

65. Because much of the damage suffered by CommScope as a result of Defendant's conduct is and will be irreparable, for which CommScope has no adequate remedy at law, CommScope is further entitled to preliminary and permanent injunctive relief.

14

## JURY DEMAND

CommScope demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, CommScope respectfully requests the following relief:

A. That this Court issue a preliminary and permanent injunction prohibiting Defendant, their officers, directors, agents, principals, divisions, sales representatives, employees, resellers, subsidiaries, affiliates, successors and assigns, and all persons acting by, through, under, or in active concert or participation with or controlled, either directly or indirectly by Defendant from using, directly or contributing to the use or, the UNIPRISE Marks or any substantially similar variation thereof, including specifically "UNIRISE" in connection with the manufacturing, packaging, labeling, importation, exportation, advertising, promoting, marketing, selling, or distribution of networking cables, or any other related goods in the United States, and from otherwise infringing the UNIPRISE Marks;

B. That this Court enter a preliminary and permanent injunction requiring Defendant to remove all use of the UNIPRISE Marks or any substantially similar variations thereof, including specifically "UNIRISE," from their sales literature, advertisements, websites, social media sites, and any metadata, metatags, or other search terms thereof, and any other promotional material or medium;

C. That Defendant be ordered to destroy any and all items bearing the UNIPRISE Marks or any mark substantially similar thereto, including specifically "UNIRISE;"

D. That Defendant be ordered to remove from its website www.uniriseusa.com, and any other websites over which Defendant has possession, custody or control, any content or

products which utilize the UNIPRISE Marks or other marks that are substantially similar to the UNIPRISE Mark, including specifically "UNIRISE;"

  E. That Defendant be ordered to produce an accounting for all profits derived by Defendants from their unlawful acts;

  F. That CommScope have and recover from Defendant an award of such monetary remedies in an amount sufficient to compensate CommScope for losses it has sustained as a consequence of Defendant's unlawful acts, as well as Defendant's profits attributable to the infringements;

  G. That CommScope have and recover from Defendant its actual damages, including treble damages, costs, and attorneys' fees for Defendant's acts of trademark infringement, false designation of origin and false advertising, pursuant to 15 U.S.C. § 1051 *et seq.*, particularly including 15 U.S.C. §§ 1114 and 1125(a);

  H. That CommScope have and recover from Defendant its damages, including treble damages, costs, and attorneys' fees, sustained by reason of Defendant's unfair and deceptive acts and unfair methods of competition, pursuant of N.C. Gen. Stat. § 75-1.1 *et seq.*;

  I. That the Court deem this to be an exceptional case, and award to CommScope its reasonable attorneys' fees incurred in prosecuting its claims under the Lanham Act, pursuant to the provisions of Lanham Act, Section 35, 15 U.S.C. § 1117;

  J. That all costs of this action be assessed against Defendant; and

  K. All such order and further relief as this Court may deem just and proper.

Respectfully submitted this 2nd day or July, 2014.

/s/ Lynne A. Borchers<br>
Lynne A. Borchers (NC State Bar No. 32386)<br>
Lance A. Lawson (NC State Bar No. 23835)<br>
Anthony P. DeRosa (NC State Bar No. 45982)

MYERS BIGEL SIBLEY & SAJOVEC, P.A.
4140 Parklake Avenue, Suite 600
Raleigh, North Carolina 27612
(919) 854-1400 (telephone)
(919) 854-1401 (facsimile)
lborchers@myersbigel.com
llawson@myersbigel.com
aderosa@myersbigel.com

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| COMMSCOPE, INC. OF NORTH CAROLINA and COMMSCOPE, INC.<br><br>Plaintiffs,<br><br>v.<br><br>UNIRISE USA, LLC<br><br>Defendant. | VERIFICATION |

STATE OF NORTH CAROLINA

COUNTY OF CATAWBA

Stephen Kowal, being first duly sworn, deposes and says that he is the Vice President of Global Partner Organization of CommScope, Inc. of North Carolina and CommScope, Inc., the Plaintiffs in the above-captioned action, and he has read the foregoing VERIFIED COMPLAINT and knows the factual contents thereof to be true except for those matters alleged upon information and belief, and as to those he believes them to be true.

DATED: This 2nd day of July, 2014.

_____

SWORN TO (or AFFIRMED) and subscribed before this 2nd day of July, 2014

_____
Notary Public

My Commission expires: 3/19/17

OFFICIAL SEAL
MARY E MILELLA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/19/17

18